**LAW OFFICES OF DAVID PALACE**
383 KINGSTON AVE. #113
BROOKLYN, NY 11213
TEL: (347) 651-1077
FAX: (347) 464-0012
EMAIL: DAVIDPALACE@GMAIL.COM

May 5, 2018

VIA ELECTRONIC FILING
Hon. Frederic Block
United States District Court
Eastern District of New York

    Re:    *Chkechkov v. FCI Lender Services Inc*
            Docket No.   1:17-cv-06195-FB-RLM

Dear Judge Block,

     I represent the plaintiff in the above matter. Pursuant to Federal Rules of Civil Procedure, Rule 27(a)(4), I am filing this reply in response to Defendant's response in support of my motion to enforce the settlement reached on April 26, 2018 between the parties and the Court appointed mediator.

     In this case, the parties agree that this case settled during court mediation. Additionally, the parties do not dispute the terms of the settlement. However, defendant claims that the settlement was procured by fraud and therefore they are not bound by the settlement. Defendant claims while preparing the settlement releases, in this case, they somehow became aware that (regarding one of the allegations in plaintiff's complaint) now (post-settlement) they have a better defense than they originally anticipated. A synopsis of the Defendant's argument about their new defenses and why they should be able to abrogate the settlement- goes something like this.

     The Defendant believes they can revoke their settlement in this case because the settlement agreement is no longer in their best interests since they just realized that they seemingly have a better defense then they originally thought. They originally believed that the plaintiff received a 1099-C, however, the Defendant has now discovered (post settlement) that although the plaintiff did, in fact, receive a 1099-C, the original creditor will not indemnify defendant since the original creditor claims that <u>a year after</u> sending the 1099-C, which canceled and waived the debt, they then supposedly went ahead and sent a revocation letter of the 1099-C.

     Defendant filed their response in opposition to enforce this settlement despite knowing that the plaintiff claims that this revocation letter is fictitious and that he never got it. The defendant knows that plaintiff take the position that even if the sending of such a letter did happen, that letter is a nullity since the defendant has specifically stated that they recognize that even if this letter was indeed sent it was admittedly only sent almost a year after the 1099-C was issued. Defendant further believes that despite the fact that the original creditor did not (comply with the IRS regulations and) immediately send a corrected 1099-C and despite the fact that it is undisputed that the original creditor did not even send a corrected 1099-C a year later that somehow the defendant can unilaterally just undo and revoke a waiver and cancelation of debt, and the defendant believes that they can magically do all this with a mere revocation letter sent a year later. The Defendants uses the same fairy-tale logic to explain why it can now come and magically revoke the settlement agreed to in this case.

The Defendant chose not to engage in discovery, and instead they chose to settle. However they still believe that since at the time of the settlement they did not know that they have this magical defense to the claim against them, they should therefore be allowed to revoke the settlement and they no longer have to abide by the settlement that occurred with the court mediator. And to top it off, Defendant believes that plaintiff committed fraud by not subscribing to Defendant's magical-revocation belief system.

The crux of the dispute in this motion to enforce settlement is as follows: The Defendants believe that they can revoke a settlement after a case was settled, and they also believe that they can magically wake up a year later and revoke an expungement of debt after it was undisputedly waived, canceled, and revoked. In short, defendants magically believe that not only can entities unilaterally revoke agreements, waivers, and settlements, but since plaintiff <u>does not</u> magically accept as true that an entity can unilaterally revoke a cancellation of debt a year later, then, according to the defendant, the plaintiff has committed fraud. What type of fraud? Well, according to Defendant, plaintiff is committing fraud by not accepting Defendant's magical revocation ability.

In other words, according to the defendant, plaintiff committed fraud by possessing a fraudulent belief that an entity cannot unilaterally revoke a waiver of debt a year later. In fact, Defendant believes that plaintiff is again committing fraud by trying to enforce this settlement, since according to Defendant an entity like Defendant can now come and unilaterally revoke the settlement or waiver, and plaintiff is committing fraud since he does not accept these magical revocations.

The defendant knows that one of the plaintiff's causes of action is premised on the fact that once a debt is waived and expunged via 1099-C, it can never be collected on, and the cancelation of debt can at no time be revoked and that even if defendant's creditor did send such a letter a year later that letter would be a nullity. The 1099-C allegations in the plaintiff's complaint was premised on the common sense and undisputed legal principle that entities cannot start collecting on canceled debts by unilaterally and magically revoking expungements of debt and neither can they revoke a 1099-C a year later just as plaintiff maintains that the defendant, in this case, cannot magically revoke its settlement of this case.

<u>Ironically, Defendant keeps on arguing that they believe that entities can somehow magically revoke their agreements, settlements, and expungements. They even go as far as accusing plaintiff of fraud for not accepting these preposterous fairy-tale beliefs.</u>

There is no doubt that had this case not settled and the Defendants ended up putting forth this preposterous defense, Defendant's magical defense would fail for at least seven reasons[1] but that is not the issue in this case since the Defendant chose not to put forth any answer and chose not to put forth any affirmative defenses. They also chose not to engage in discovery and chose not to litigate this case; rather, the defendant, in this case, chose to settle and this case undisputedly settled with the court mediator.

Plaintiff does not dispute that the defendant seems to now believe that settlement is not in their best interest since the original creditor will not indemnify them and they now think that post-settlement they have uncovered some magical defense to the claims. However, it is well settled that although "<u>[P]laintiff may genuinely feel that the settlement agreement is no longer in her best interests. But a change of heart is not a basis to undo the agreement.</u>" *Doe v. Kogut*, No. 15-CV-07726 (SN), 2017 BL 113859, 2017 US Dist Lexis 53138, 2017 WL 1287144 (S.D.N.Y. Apr. 06, 2017)

---

[1] 1) The letter is fictitious and was never sent by the creditor. 2) Even if the letter was sent Plaintiff never saw it. 3) No entity can magically revoke a waiver of debt by sending a mere letter. 4) A mere letter cannot revoke a 1099-C at all and it most definitely cannot revoke the waiver of the debt a year later. 5) Defendant admits that the original creditor did not immediately send a corrected 1099-C to the plaintiff as required by IRS regulations 6) Defendant admits that the original creditor did not even send a corrected 1099-C a year later. 7) Defendant did not immediately send the IRS a corrected 1099-C

In this case, Defendant admits that the case settled they specifically state in their reply that they were preparing the settlement agreements in this case, when they uncovered this magical defense that they were not aware of they now argue that they should not be bound by the settlement since plaintiff has committed fraud by not agreeing with the magical capability of their revocation powers and defenses.

These motions speak for themselves and plaintiff believes that considering plaintiff's motion and defendants reply summary enforcement of the settlement is mandatory as a matter of law, especially since the terms of the settlement are undisputed. Defendants letter has not raised any triable issue of fact and no evidentiary hearing is necessary given the undisputed fact that this case settled which is more than enough of a sufficient basis to enforce the settlement agreement in this case. The Defendant in this case does not dispute the terms of the settlement and they admit they were in middle of preparing the settlement agreement.

In light of all the facts we request that the court order the enforcement of the settlement as per the undisputed settlement agreement that was reached with the court mediator on April 26th 2018. See. Rajagopala Sampath Raghavendra v. Trs. of Columbia Univ., 434 Fed. Appx. 31, 32, 2011 U.S. App. LEXIS 18688, *2 ("The district court properly held that the settlement agreement was binding, enforceable, and disposed of all of plaintiff's claims against the defendants. See Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007) (stating "settlement remains binding even if a party has a change of heart" after he agreed to the terms of the settlement). Plaintiff's claims of fraud and duress are not substantiated by the record.") Sher v. Bonocci, 2017 U.S. Dist. LEXIS 2123, *10, 2017 WL 64766 ("[Plainitff] accepted the Defendant's settlement offer, and he is bound by that agreement. [plaintiff] may currently regret that he accepted the settlement offer, but such a change of heart cannot undo the parties' agreement to settle and dismiss this case. Simply put, there are no issues that can be litigated regarding this case, and the case is over for all purposes.") Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir. 1976) (summary enforcement of settlement determinable solely as a matter of law, rendering evidentiary hearing unnecessary, where terms were "clear and unambiguous."); see also Michigan Regional Council of Carpenters v. New Century, 99 Fed. Appx. 15, 20-21 (6th Cir. 2004) (holding no evidentiary hearing was necessary given undisputed nature of evidence which provided district court with sufficient basis to enforce settlement agreement); RE/MAX Int'l., Inc. v. Realty One, Inc., 271 F.3d 633, 645-646 (6th Cir. 2001) (no evidentiary hearing required to enforce oral settlement where record before court provided all essential terms).

Thank you for the Court's consideration of the foregoing.

Respectfully Submitted,

LAW OFFICES OF DAVID PALACE
By:__/s/ David Palace_____
David Palace

cc: Alan H Weinreb Esq. (via ECF)