UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELIYO CHKECHKOV individually and on behalf of          Civil Action No.: 17-cv-6195-FB-RLM
All other similarly situated,

                Plaintiff,

    -against-

FCI LENDER SERVICES, INC.,

                Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL SETTLEMENT

**THE MARGOLIN & WEINREB LAW GROUP, LLP**
165 Eileen Way, Suite 101
Syosset, New York 11791
(516) 921-3838
Attorney for Defendant, FCI Lender Services, Inc.

## TABLE OF CONTENTS

PROCEDURAL BACKGROUND………………….…………………………………….……1

EVIDENCE OF PLAINTIFF'S MISREPRESENTATIONS LEAD TO PLAINTIFF'S
CESSATION OF SETTLEMENT EFFORTS……..…………………………………….…...4

PLAINTIFF'S MOTION TO COMPEL SETTLEMENT IS MISPLACED AS THERE IS NO
SETTLEMENT AGREEMENT WHICH DEFENDANT CAN BE BOUND TO……….……6

ALL DISCUSSIONS OF SETTLEMENT WERE PROCURED BY PLAINTIFF'S DECEIT….9

CONCLUSION………………………………………………………………………..11

## TABLE OF AUTHORITIES

**CASES**

*Ciaramella v. Reader's Digest Association,* 131 F.3d 320, 322 (2d Cir. 1997)......................7

*Citibank, N.A. v. Real Coffe Trading Co., NV,* 566 F. Supp. 1158 (SDNY 1983)...................9

*Conway v. Brooklyn Union Gas Co.*, 236 F.Supp.2d 241, 252 (E.D.N.Y. 2002)..................7

*First National Bank of Cincinnati v. Pepper*, 454 F.2d 626, 632 (2d Cir. 1972)..................9

*Hense v. Baxter*, 79 AD3d 814, 914 N.Y.S.2d 200 (2d Dept. 2010)..................9

*Northeast Steel Prods., Inc. v. John Little Designs, Inc.*, 80 AD3d 585, 914 N.Y.S.2d 279 (2d

Dept. 2011)..................9

*Orchid Constr. Corp. v. Gottbetter*, 89 AD3d 708, 932 N.Y.S.2d 100 (2d Dept. 2011)..............9

*Popovic v. New York City Health & Hosps. Corp.*, 180 A.D.2d 493, 579 N.Y.S.2d 399 (1st Dept.

1992)..................6

*Rothenberg v. Kamen*, 735 F.2d 753 (2d Cir. 1984)..................9

*Royal Hair Pin Corp. v. Reiser Co.,* 15 A.D.2d 539, 222 N.Y.S. 2d 719 (2d Dept.  1961).........9

*Willegrodt v. Hohri*, 953 F.Supp. 557, 560 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir.

1998)..................6

*Winston v. Mediafare Entertainment Corporation*, 777 F.2d 78, 80 (1985)..................7

**STATUTES**

New York Civil Practice Law and Rule §2104..................6

## PROCEDURAL BACKGORUND

The Margolin & Weinreb Law Group, LLP submits this Memorandum of Law on behalf of defendant, FCI Lender Services Inc. ("Defendant"), in opposition to the letter motion filed by plaintiff, Eliyo Chkechkov ("Plaintiff"), which seeks an order compelling a settlement verbally reached between Plaintiff and Defendant (the "Motion") (ECF Doc. # 16).

At the outset, it must be stated that this action is based on a misrepresentation and the instant Motion is completely baseless as it was filed to further perpetuate Plaintiff's misrepresentation to this Court.

This action was commenced on October 24, 2014 by Plaintiff by filing a Class Action Complaint (the "Complaint") (ECF Doc. # 1). The Complaint asserts allegations against Defendant including "unlawful collection practices" and "violations of the Fair Debt Collection Practices Act, 15 USC Section 1692 et seq. ("FDCPA") (ECF Doc. #1). Specifically, Plaintiff claimed that Defendant, as the current servicer of Plaintiff's Mortgage loan, improperly sought to recover the accrued interest on Plaintiff's Mortgage loan. According to Plaintiff, this collection was improper because Plaintiff had received prior notice from the former loan servicer, Nationstar Mortgage, LLC ("Nationstar Mortgage"), that said interest was waived.

In response to the Complaint, counsel for Defendant interposed an Answer denying the allegations set forth in the Complaint (ECF Doc. #5).

As per the Order of the Hon. Roanne L. Mann (ECF Doc. #7), counsel for the parties appeared on February 2, 2018 for an initial conference to discuss the scope of the action, discovery, and other associated matters.

By letter motion filed on February 21, 2018, Plaintiff's counsel requested that it be granted time to file an amended complaint as he had "discovered new information" (ECF Doc #9).

1

By letter motion filed on March 8, 2018, Plaintiff's counsel once again asked this Court for an additional extension of time to file an amended complaint because it was believed that the parties could resolve the matter (ECF Doc #10). Defendant's counsel agreed to the requests.

On March 11, 2018, Defendant's counsel filed a letter with the Court wherein counsel requested that a conference for settlement purposes be scheduled before the Hon. Roanne L. Mann (ECF Doc #11).

Defendant's counsel made this plea because on March 20, 2018, this firm received a threatening electronic communication from Plaintiff's counsel. Within this email, Plaintiff's counsel informed Defendant's counsel that he intended to file an additional two (2) class action complaints (one against this law firm and one against the good-faith purchaser of the loan), in addition to amending the pending complaint before this Court, if the matter was not settled by Friday March 23, 2018. Plaintiff's counsel further issued an ultimatum and advised that no further communication or settlement discussions would continue unless Plaintiff receives a release of the mortgage lien that Plaintiff's counsel claimed was uncollectable due to the issuance of an Internal Revenue Service (IRS) discharge Form 1099-C. Counsel's threat to name this law firm on his additional class action complaint was simply absurd. *See* Exhibit "A" at page 4; 14.

The foregoing threats came after a post-Complaint collection debt letter was sent to Plaintiff in error. Upon learning of this oversight, Defendant's counsel immediately attempted to assuage Plaintiff's fears by making assurances that the transmission was a mistake and advising Plaintiff that no further debt collection would occur due to the purported issuance of the IRS 1099-C.

Notwithstanding these assurances, Plaintiff's counsel was not persuaded. Ultimately, Plaintiff's counsel made good on his attempts to intimidate Defendant and filed an Amended Class

Action Complaint on March 23, 2018 (the "Amended Complaint") (ECF Doc. #12). The cause of action, however, varied dramatically from that of the original Complaint.

Plaintiff's Amended Complaint still asserted violations of the FDCPA, yet Plaintiff now claimed that Defendant improperly attempted to collect on both the accrued interest *and* the entire outstanding debt. According to Plaintiff, Defendant's collection of the debt was improper because Defendant's predecessor, Nationstar Mortgage, allegedly charged-off and cancelled the debt and forever ceased the collection on the debt of the mortgage loan (ECF Doc. #12). Said debt was allegedly cancelled by the IRS 1099-C issued by Nationstar Mortgage.

Relying on Plaintiff's counsel's representations more fully set forth herein, Defendant's counsel attempted to settle the matter in good-faith.

As per the directive of this Court on April 18, 2018, counsels for the parties appeared telephonically to discuss settlement with the court-appointed mediator, Joseph DiBenedetto, Esq. Said telephone conference occurred on May 2, 2018, and counsels advised the mediator that they had agreed upon a sum certain to settle the matter against the Defendant, this firm and the owner of the loan. Critically, other material terms which encompass a true settlement agreement were not discussed or negotiated before or during the call.

Thereafter, Defendant's counsel advised the ADR Administrator, Robyn Weinstein, that the "Matter has been settled and is being reduced to writing". *See* Exhibit "B" at page 2. Critically though, a mere two days later, Defendant's counsel retracted the foregoing statement and advised the Court that the settlement was induced by Plaintiff's fraud (as detailed below) that had been discovered. *Id* at page 1.

Upon this office advising the ADR Administrator and Plaintiff's counsel of Plaintiff's fraud[1], the instant Motion was filed and Plaintiff's counsel now seeks to enforce defense counsel's oral statement that the "matter has been settled".

## EVIDENCE OF PLAINTIFF'S MISREPRESENTATION LEAD TO DEFENDANT'S CESSATION OF SETTLEMENT EFFORTS

As noted above, Plaintiff's Amended Complaint is based on the claim that Defendant attempted to collect on an allegedly canceled debt. To bolster this claim, Plaintiff relies on a 2015 IRS 1099-C cancellation of debt Form issued by the prior loan servicer, Nationstar Mortgage.

Plaintiff, however, failed to deliver to the Court (and presumably his counsel) subsequent documentation sent by Nationstar to Plaintiff advising Plaintiff that the IRS 1099-C was filed in error and retracted with the Internal Revenue Service. *See* Exhibit "C".

This retraction communication from Nationstar Mortgage only recently came to this firm's attention on May 1, 2018, while in the process of preparing settlement releases. Specifically, Defendant's counsel was supplied with proof that also in 2016 the IRS 1099-C cancellation of debt, on which this action was based, was issued in error, and to correct said error, Nationstar Mortgage retracted the reporting of the IRS 1099-C with the IRS. *See* Exhibit "C". This information was set forth in a letter by Nationstar Mortgage to Plaintiff dated June 21, 2016. *Id.*

Not only was Plaintiff aware of the revocation, Plaintiff's prior counsel was aware of this and consequently made numerous attempts to settle the debt by a reduced payment of money to Nationstar Mortgage.

By letter dated July 22, 2016, Plaintiff's prior counsel forwarded a letter from the President of Plaintiff's synagogue, wherein the President advised that the congregation collected funds on

---

[1] Plaintiff's counsel was invited to Defendant's counsel's office to review Plaintiff's newly discovered evidence of fraud, however, said invitation was rejected.

Plaintiff's behalf and could contribute $26,000.00 to settling the debt with Nationstar Mortgage. *See* Exhibit "D".

By further letter dated July 25, 2016, and after the revocation was sent, Plaintiff himself attempted to settle the debt with Nationstar Mortgage for $52,000.00. *Id.* Consequently, this was the same amount the parties in this action agreed to settle for, before Defendant became aware that the IRS 1099-C was retracted and Plaintiff was advised of same years before.

By subsequent letter dated August 30, 2016, Plaintiff's then counsel not only stated that Plaintiff would settle the debt for $56,000.00, but counsel also set forth a payment schedule of how the Plaintiff would disburse the sums should the offer be accepted by Nationstar Mortgage. *See* Exhibit "D".

The foregoing actions are not that of a party who believed his mortgage debt was completely cancelled and discharged in 2015 by the IRS 1099-C. To the contrary, these actions indicated that the subsequent revocation of the IRS 1099-C was in fact recognized as valid, and he was then motivated to settled the valid debt.

Neither Plaintiff, nor his current attorney have even addressed Plaintiff's settlement attempts after this damning evidence was revealed to the Court in Defendant's May 2, 2018 letter in response to the present Motion (ECF Doc. No 18).

Instead, by response letter dated May 5, 2018, Plaintiff's counsel (without pointing to any regulation, caselaw, legal principle, or federal guideline) attempts to miseducate the court on IRS regulations as it pertains to 1099-C revocations (ECF Doc. No 19). Within this letter, Plaintiff's counsel then goes on to make a mockery of the Court and further perpetuate Plaintiff's fraud by stating that Nationstar Mortgage's June 21, 2016 letter is "fictitious" and "magical", and "Even if

the letter was sent Plaintiff never saw it". *Id.* These preposterous claims are belied by the documentary evidence presented herein. *See* Exhibit "D".

Notwithstanding the blatant ignorance exhibited by Plaintiff's counsel, Plaintiff's action is nonetheless fatal. Further, the instant Motion is also moot as a matter of law.

While there were good-faith settlement discussions based upon Plaintiff's misrepresentations, there was no actual settlement agreement reduced to writing which Defendant can be bound to. As such the Motion should be denied in its entirety.

### PLAINTIFF'S MOTION TO COMPEL SETTLEMENT IS MISPLACED AS THERE IS NO SETTLEMENT AGREEMENT WHICH DEFENDANT CAN BE BOUND TO

This crux of Plaintiff's application rests on the incorrect claim that the verbal settlement agreement reached in this case constitutes a binding contract that is irrefutable (ECF Doc. No 16). To support this, Plaintiff cites to a multitude of case law which advance the principle that courts have inherent power to enforce settlement agreements. Defendant does not disagree with the long-standing principle, however, such enforcement is inapplicable to the case at bar as there was no actual settlement agreement in open court or one reduced to a writing. *See* CPLR §2104. *See also Willegrodt v. Hohri*, 953 F.Supp. 557, 560 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998); *Popovic v. New York City Health & Hosps. Corp.*, 180 A.D.2d 493, 579 N.Y.S.2d 399 (1st Dept. 1992).

In this case, it is irrefutable that Defendant made all attempts to settle the matter in good-faith (before it knew of Plaintiff's fraud on this Court). However, neither the parties nor their counsel ever executed a settlement agreement and no agreement was ever reduced to a writing. Further, there was absolutely no discussion about material terms to be contained in a proposed

settlement agreement as Defendant only agreed to a sum certain to settle Plaintiff's claim and that Defendant would be released from any further claim.

Prior to the revelation of Plaintiff's fraud, the parties did intend to reduce a settlement agreement to writing. This was made clear (i) during the telephone conference with the mediator on May 2, 2018, and (ii) within the email correspondence to the ADR Administrator on April 30, 2018. *See* Exhibit "B" at page 2.  Neither parties intended to conclude the matter without executing an agreement.

As a matter of law, parties who do not intend to be bound until the agreement is reduced to a signed writing are not bound until that time. *See Ciaramella v. Reader's Digest Association,* 131 F.3d 320, 322 (2d Cir. 1997). Deciding whether the parties intended to be bound in the absence of a writing requires the court to consider (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing. *See Winston v. Mediafare Entertainment Corporation*, 777 F.2d 78, 80 (1985). "No single factor is decisive, but each provides significant guidance". *See Ciaramella* 131 F.3d at 323. In addition, the court should consider a fifth factor, fundamental fairness. *See Conway v. Brooklyn Union Gas Co.*, 236 F.Supp.2d 241, 252 (E.D.N.Y. 2002).

As noted above, it was explicitly stated on at least two occasions that while the matter was "settled in principle", a settlement agreement had to be put in writing. There was no indication that the parties would do anything without memorializing and signing a settlement agreement. Further, there was no partial performance whatsoever by either party. Defendant never gave Plaintiff any funds toward settlement nor were any earnest monies placed in escrow.

In fact, the only performance was by Defendant who had issued a Satisfaction of Mortgage (based upon Plaintiff's production of the IRS 1099-C discharge) that was sent for recording as part of the settlement negotiations. That Satisfaction of Mortgage however was never recorded due to an internal office policy.[2]

In any event, a tangible agreement was required as the parties only discussed a sum that would settle the action. There was never any discussion about material relevant terms that are general and customary in a class action settlement agreement. Said material terms include "Recitals", "Definitions", "Payment Terms", "Releases", "Events of Default", "Effect of Cancellation or Termination", "Notice to Classes", "Waiver", and "Miscellaneous Provisions". These are simply a few key terms that were never discussed fully and agreed-upon which would surely encompass a class action settlement agreement.

As this Court is aware, a class action settlement agreement of this nature and magnitude is the type that would and should be reduced to a writing. Same is necessary to fully, finally, forever resolve, discharge, and settle the released claims. Further the terms and conditions of any settlement of this kind would have to be subject to the final approval of this honorable Court.

Thus, contrary to Plaintiff's claims, defense counsel's statement that the "Matter has been settled and is being reduced to writing", did not create a contract which is binding on either party. Much more was required to create a settlement agreement and Defendant's counsel should not be held to a statement made prior to discovering Plaintiff's fraud.

---

[2] By email correspondence dated April 11, 2018, Defendant's counsel advised Plaintiff's counsel that the Satisfaction of Mortgage was received that day and was sent for recording. *See* Exhibit "A" at page 1. Same was provided to the recording paralegal to be sent for recording, however, the fee for the recording was not immediately approved. As an office policy and procedure, until said recording fees are approved and received, a document cannot be recorded.

## ALL DISCUSSIONS OF SETTLEMENT WERE PROCURED
## BY PLAINTIFF'S DECEIT

It must be restated again, that there was no settlement agreement which Defendant should be bound to. However, should the Court recognize defense counsel's verbal statements as an agreement, the Court must find the agreement void since same was procured by Plaintiff's fraud.

It is basic that a settlement contract or agreement, like any other, may be attacked on grounds that it was procured by fraud. *See Rothenberg v. Kamen*, 735 F.2d 753 (2d Cir. 1984); *First National Bank of Cincinnati v. Pepper*, 454 F.2d 626, 632 (2d Cir. 1972). A party is not precluded from alleging fraud in the inducement merely because during the negotiations his counsel, unaware of the fraud, opined that the contract is valid. The question of when the alleged fraud was discovered is the triable issue. *See Citibank, N.A. v. Real Coffe Trading Co., NV*, 566 F. Supp. 1158 (SDNY 1983). *See also, Royal Hair Pin Corp. v. Reiser Co.*, 15 A.D.2d 539, 222 N.Y.S. 2d 719 (2d Dept. 1961).

As a matter of law, fraud in the inducement, requires a showing of: (i) a misrepresentation or a material omission of fact; (ii) which was false and known to be false by defendant; (iii) made for the purpose of inducing the other party to rely upon it; (iv) justifiable reliance of the other party on the misrepresentation or material omission; and (v) injury caused as a result of that reliance. *See Orchid Constr. Corp. v. Gottbetter*, 89 AD3d 708, 932 N.Y.S.2d 100 (2d Dept. 2011); *Northeast Steel Prods., Inc. v. John Little Designs, Inc.*, 80 AD3d 585, 914 N.Y.S.2d 279 (2d Dept. 2011); *Hense v. Baxter*, 79 AD3d 814, 914 N.Y.S.2d 200 (2d Dept. 2010).

Here, not only did Plaintiff commence this action knowing that the mortgage debt was still valid (which is a fact that goes to the heart of this action), he allowed counsel to enter into settlement negotiations in hopes of extorting money from Defendant.

Plaintiff's Amended Complaint includes the IRS 1099-C cancellation of debt form sent by the prior servicer, Nationstar Mortgage in 2015. Yet, completely absent from any of Plaintiff's filings is Nationstar Mortgage's June 21, 2016 retraction letter stating that the IRS 1099-C was issued in error, and that said error was corrected with the IRS. *See* Exhibit "C". This was provided to Defendant by Nationstar Mortgage on or about May 1, 2018. Plaintiff also omitted the fact – as well as documentary evidence – that he attempted to settle the valid debt on multiple occasions after receiving Nationstar Mortgage's retraction letter. *See* Exhibit "D".

Plaintiff's actions evidence he knew the debt was still valid, and also that Defendant was properly collecting on the valid debt. Despite this, Plaintiff commenced this frivolous action and engaged in settlement discussion in hopes of reaping a windfall from Defendant as the new loan servicer. In sum, Plaintiff is attempting to capitalize on Nationstar Mortgage's erroneously issued IRS 1099-C.

Plaintiff evidenced this IRS 1099-C Form knowing that Defendant – who lacked immediate access to the loan servicing records of Nationstar Mortgage – would rely on the noted tax document and accept it for face value. Plaintiff was successful in this regard in that Defendant and Defendant's counsel relied on Plaintiff's representations to this Court and consequently commenced settlement discussions with Plaintiff.

As a result of Plaintiff's misrepresentations, Defendant has been injured. Defendant has had to expend time and exorbitant resources in order to litigate this matter, engage in court-directed mediation, and oppose the present Motion.

As evidenced by Defendant's willingness to settle this matter, it is clear that Defendant relied on Plaintiff's misrepresentations and material omissions. Defendant cannot and should not

be bound by oral statements of settlement because it was induced by Plaintiff's own misrepresentations to this Court.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court enter an order denying Plaintiff's Motion in its entirety.

Dated: Syosset, New York
      May 11, 2018

                        **The Margolin & Weinreb Law Group, LLP**
                        *Attorneys for Defendant, FCI Lender Services Inc.*

            By:    */s/ Alan H. Weinreb*
                    Alan H. Weinreb, Esq.
                    165 Eileen Way, Suite 101
                    Syosset, New York 11791
                    (516) 921-3838
                    Alan@nyfclaw.com

EXHIBIT "A"

## Alan Smikun

| | |
|---|---|
| **From:** | Alan Smikun |
| **Sent:** | Wednesday, April 11, 2018 5:38 PM |
| **To:** | 'David Palace' |
| **Cc:** | Alan Weinreb |
| **Subject:** | RE: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc |

Good Afternoon,

I received today.   Sent for recording.

Will provide copy shortly, as well as, availability for mediator.

Best,


**ALAN SMIKUN, ESQ.**
**ASSOCIATE**


## THE MARGOLIN & WEINREB LAW GROUP, LLP
*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101
Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824
www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.    ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED


**From:** David Palace [mailto:davidpalaceesq@gmail.com]
**Sent:** Wednesday, April 11, 2018 5:35 PM
**To:** Alan Smikun <alansm@nyfclaw.com>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Alan,

Has the satisfaction been recorded yet? if so, please send over a copy.

David Palace, Esq.
LAW OFFICE OF DAVID PALACE
383 Kingston Avenue #113
Brooklyn, NY 11213
Tel: 347-651-1077
Fax: 347-464-0012

------------
This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Mar 28, 2018 at 6:27 PM, David Palace <davidpalaceesq@gmail.com> wrote:

Alan,

Kindly record on my clients behalf and send me confirmation of same.

David Palace, Esq.
LAW OFFICE OF DAVID PALACE
383 Kingston Avenue #113
Brooklyn, NY 11213
Tel: 347-651-1077
Fax: 347-464-0012

------------
This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or

recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Mar 28, 2018 at 5:11 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

Good Afternoon,


Please be advised that we have prepared an executable satisfaction of the note and mortgage and same is being forwarded to our client.


If you wish we can forward to you upon receipt or record on your behalf.


Please advise.


Best,




**ALAN SMIKUN, ESQ.**

**ASSOCIATE**



**THE MARGOLIN & WEINREB LAW GROUP, LLP**

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101

Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** David Palace [mailto:davidpalaceesq@gmail.com]
**Sent:** Tuesday, March 20, 2018 7:39 PM
**To:** Alan Smikun <alansm@nyfclaw.com>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Alan,

Despite the fact that your client agreed to cease collecting on this invalid debt, most disturbingly my client received another collection letter this week from your client FCI and when my client spoke to FCI today asking them to clarify if this is a mistake FCI told him that the Creditor West Coast and the Law firm Margolin is still collecting on this debt and that this debt is in fact valid. My client is enraged.

Please see attached the three class actions I am going to file if we do not settle by Friday.

Despite the fact that I have already received an agreement from you in writing that you and your client will cease collecting on this invalid debt your client in violation of said agreement still sought to collect on this invalid debt therefore before we discuss any individual settlement on any of these three class actions I will need to receive the release of the lien.

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012


------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)


On Wed, Mar 14, 2018 at 6:13 PM, David Palace <davidpalaceesq@gmail.com> wrote:


Alan,


The release of the lien is a must in light of the fact that this debt was forgiven and plaintiff already incurred taxes on this amount.


We can do $25,000.


David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Mar 14, 2018 at 5:36 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

Good Evening,

My client is willing to provide $5,000.00 and release of the lien.

Please advise.

Best,

ALAN SMIKUN, ESQ.

ASSOCIATE


## THE MARGOLIN & WEINREB LAW GROUP, LLP

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

<u>165 Eileen Way, Suite 101</u>

<u>Syosset, NY 11791</u>
<u>(516) 921-3838, Ext. 321</u>
F <u>(516) 921-3824</u>

<u>www.nyfclaw.com</u>

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.    ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**


*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ <u>2510-2521</u>, and the
information contained in this e-mail is confidential information intended only for the use of the individual or entity
named above. If the reader of this message is not the intended recipient, you are hereby notified that any review,
re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons
or entities other than the intended recipient is strictly prohibited. If you have received this communication in error,
please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED


**From:** David Palace [mailto:<u>davidpalaceesq@gmail.com</u>]
**Sent:** Tuesday, March 13, 2018 4:31 PM
**To:** Alan Smikun <<u>alansm@nyfclaw.com</u>>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc



Alan,

I have not heard back from you in response to the demand.

Once I start working on the Amended complaint settlement if available will just go up.

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Thu, Mar 8, 2018 at 12:22 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

Sure.

Get Outlook for iOS

**From:** David Palace <davidpalaceesq@gmail.com>
**Sent:** Thursday, March 8, 2018 11:29:45 AM

**To:** Alan Smikun
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Alan,

Kindly advise if you consent to a  further 14 day extension for the filing of the amended complaint.

---

Virus-free. www.avast.com

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Tue, Feb 20, 2018 at 3:28 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

We do.

Get Outlook for iOS

---

**From:** David Palace <davidpalaceesq@gmail.com>
**Sent:** Tuesday, February 20, 2018 3:11:44 PM

**To:** Alan Smikun
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Alan,

Kindly advise if you consent to a 14 day extension for the filing of the amended complaint.

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Mon, Feb 19, 2018 at 12:35 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

I'm out this week because of a death.

Get Outlook for iOS

---

**From:** David Palace <davidpalaceesq@gmail.com>
**Sent:** Monday, February 19, 2018 11:37:35 AM
**To:** Alan Smikun

**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Alan,

The Court ordered amendment date is February 23, 2018.  [See attached order].

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012


------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)


On Thu, Feb 15, 2018 at 12:10 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

Good Morning,


I am still reviewing your submissions with my client.   You refer to an amendment date, what date is that?


Best,

**ALAN SMIKUN, ESQ.**

**ASSOCIATE**

## THE MARGOLIN & WEINREB LAW GROUP, LLP

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101

Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** David Palace [mailto:davidpalaceesq@gmail.com]
**Sent:** Friday, February 09, 2018 10:09 AM

**To:** Alan Smikun <alansm@nyfclaw.com>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Alan,

Per the Court's order attached is the subject 1099C which demonstrates that this debt became uncollectible. After further discussion with my client and his accountant it turns out that the judge was right, this debt was entirely forgiven and my client's accountant has confirmed that he needed to pay a tax bill of more than a third of the forgiven amount in taxes.

Therefore, before we discuss any potential individual settlement of this class action I need you to advise me that your firm, as well as your, client, will stop collecting on this invalid debt as it has been completely canceled. Additionally, Now that your firm is most definitely on notice that this debt is invalid if I don't get such confirmation in writing before the due date to amend Plaintiff's class action I will need to add your firm as a party as well as multiple new claims including judiciary law 487.

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this

communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Thu, Feb 1, 2018 at 1:02 PM, David Palace <davidpalaceesq@gmail.com> wrote:

Alan,

Attached is the further draft of the initial conference questionnaire.  I added 10 for additional roggs for both parties.

Kindly advise.

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Jan 31, 2018 at 5:36 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

David,

Do you mind if I send you the responses pursuant to rule 26 tomorrow?

**ALAN SMIKUN, ESQ.**

**ASSOCIATE**

**THE MARGOLIN & WEINREB LAW GROUP, LLP**

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101

Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** David Palace [mailto:davidpalaceesq@gmail.com]
**Sent:** Wednesday, January 31, 2018 4:18 PM

**To:** Alan Smikun <alansm@nyfclaw.com>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Consent.

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Jan 31, 2018 at 4:17 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

Let's put factual discovery out to July and the dispositive motions out to August.  I want to be able to file dismissal and/or summary judgment.

ALAN SMIKUN, ESQ.

ASSOCIATE

## THE MARGOLIN & WEINREB LAW GROUP, LLP

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101

Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** David Palace [mailto:davidpalaceesq@gmail.com]
**Sent:** Wednesday, January 31, 2018 4:15 PM

**To:** Alan Smikun <alansm@nyfclaw.com>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

You mean factual discovery August and class cert/sj September?

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Jan 31, 2018 at 4:13 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

Let's push it out to august

**ALAN SMIKUN, ESQ.**

**ASSOCIATE**

**THE MARGOLIN & WEINREB LAW GROUP, LLP**

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101

Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** David Palace [mailto:davidpalaceesq@gmail.com]
**Sent:** Wednesday, January 31, 2018 4:13 PM

**To:** Alan Smikun <alansm@nyfclaw.com>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

Alan,

I can agree to that, would July and August work?

David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

20

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Jan 31, 2018 at 3:45 PM, Alan Smikun <alansm@nyfclaw.com> wrote:

Please see my fill in-s.

I think we need to push out #7 and #14 out farther.

**ALAN SMIKUN, ESQ.**

**ASSOCIATE**

**THE MARGOLIN & WEINREB LAW GROUP, LLP**

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101

Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**


*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED



**From:** David Palace [mailto:davidpalaceesq@gmail.com
]
**Sent:** Wednesday, January 31, 2018 1:01 PM
**To:** Alan Smikun <alansm@nyfclaw.com>


**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc


Alan,


Please see attached initial disclosures.



David Palace, Esq.

LAW OFFICE OF DAVID PALACE

383 Kingston Avenue #113

Brooklyn, NY 11213

Tel: 347-651-1077

Fax: 347-464-0012

------------

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

On Wed, Jan 31, 2018 at 11:13 AM, David Palace <davidpalaceesq@gmail.com> wrote:

Alan,

Attached please find my draft proposed dates for the initial conference questionnaire.

On Jan 31, 2018 10:24 AM, "Alan Smikun" <alansm@nyfclaw.com> wrote:

Counselor,

Do you have some time today to discuss the discovery.  We have to submit a proposed discovery order prior to our initial conference on Friday **today**.

Unless you intend on adjourning the matter out.

Best,

**ALAN SMIKUN, ESQ.**

**ASSOCIATE**

## THE MARGOLIN & WEINREB LAW GROUP, LLP

*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101

Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** Alan Smikun
**Sent:** Wednesday, January 10, 2018 5:55 PM
**To:** David Palace <davidpalaceesq@gmail.com>
**Subject:** Re: 1:17-cv-06195-FB-RLM Chkechkov v. FCI Lender Services Inc

That's fine but my responses were predicated on the complaint with missing letter.

Will you grant me an extension?

Sent from my iPhone

On Jan 10, 2018, at 5:52 PM, David Palace <

...

[Message clipped]

EXHIBIT "B"

**Tiffany Henry**

| | |
|---|---|
| **From:** | Alan Smikun |
| **Sent:** | Wednesday, May 09, 2018 11:18 AM |
| **To:** | Tiffany Henry |
| **Subject:** | FW: Chkechkov v. FCI Lender Services Inc 1:17-cv-06195-FB-RLM |

**ALAN SMIKUN, ESQ.**
**ASSOCIATE**

**THE MARGOLIN & WEINREB LAW GROUP, LLP**
*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101
Syosset, NY 11791
(516) 921-3838, Ext. 321
F (516) 921-3824
www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** Alan Smikun
**Sent:** Wednesday, May 02, 2018 8:54 AM
**To:** robyn_weinstein@nyed.uscourts.gov
**Cc:** Alan Weinreb <Alan@nyfclaw.com>; davidpalace@gmail.com
**Subject:** Re: Chkechkov v. FCI Lender Services Inc 1:17-cv-06195-FB-RLM

Good morning,

I am retracting my earlier email regarding the case being settled and being reduced to a writing.

After mediation, we have discovered that the instant action has not been brought in good faith and based on a scheme to defraud our client.

We will addressing same shortly with the Court.

Thank you.

1

Best,

Get Outlook for Android

---

**From:** Robyn_Weinstein@NYED.USCOURTS.GOV <Robyn_Weinstein@NYED.USCOURTS.GOV>
**Sent:** Monday, April 30, 2018 2:38:59 PM
**To:** Alan Smikun
**Cc:** Alan Weinreb; davidpalace@gmail.com
**Subject:** RE: Chkechkov v. FCI Lender Services Inc 1:17-cv-06195-FB-RLM

Thank you.  Did the matter settle prior to mediation?

Best,

Robyn

**Robyn Weinstein, Esq.**
ADR Administrator
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
(718) - 613-2578
robyn_weinstein@nyed.uscourts.gov

From:      Alan Smikun <alansm@nyfclaw.com>
To:        "Robyn_Weinstein@NYED.USCOURTS.GOV" <Robyn_Weinstein@NYED.USCOURTS.GOV>, "davidpalace@gmail.com" <davidpalace@gmail.com>
Cc:        Alan Weinreb <Alan@nyfclaw.com>
Date:      04/30/2018 02:36 PM
Subject:   RE: Chkechkov v. FCI Lender Services Inc 1:17-cv-06195-FB-RLM

---

Good Afternoon,

Matter has been settled and is being reduced to writing.

Best,


**ALAN SMIKUN, ESQ.**
**ASSOCIATE**


# THE MARGOLIN & WEINREB LAW GROUP, LLP
*(formerly known as Pitnick & Margolin, LLP and The Law Offices of Alan Weinreb, P.C.)*
Your New York Foreclosure, Bankruptcy, Loss Mitigation, Eviction, REO and Real Estate Attorneys

165 Eileen Way, Suite 101
Syosset, NY 11791
(516) 921-3838, Ext. 321

F (516) 921-3824
www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*** This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, re-transmission  dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message without making any copies. ***
ANY TRANSMITTAL SENT TO A CLIENT OF THE SENDER OR THE FIRM SHALL BE DEEMED AS PROTECTED

**From:** Robyn_Weinstein@NYED.USCOURTS.GOV [mailto:Robyn_Weinstein@NYED.USCOURTS.GOV]
**Sent:** Monday, April 30, 2018 2:24 PM
**To:** davidpalace@gmail.com; Alan Smikun <alansm@nyfclaw.com>
**Subject:** Chkechkov v. FCI Lender Services Inc 1:17-cv-06195-FB-RLM

Dear Counsel:

Please provide a status update regarding scheduling the mediation in the above captioned case.   Please do not hesitate to contact me if you need any assistance.

Sincerely,

Robyn

**Robyn Weinstein, Esq.**
ADR Administrator
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
(718) - 613-2578
robyn_weinstein@nyed.uscourts.gov

EXHIBIT "C"

 **Nationstar** MORTGAGE

**MyNationstar.com** | **P.O. Box 612488** | **Dallas, TX 75261**

- Form 1099C was sent in error and can be disregarded.
- Contact information listed below for questions or concerns.

June 21, 2016

Eliyo Chkechkov
1044 E 12th St
Brooklyn, NY 11230

RE:  Loan Number:
Property Address: 1044 E 12th St
Brooklyn, NY 11230

Dear Eliyo Chkechkov:

**Why am I receiving this letter?**
We recently mailed you a Form 1099C for the above referenced loan.  That form was issued in error.

**What do I need to know?**
To correct this error, we have updated our records accordingly and have retracted the reporting of the Form 1099C with the Internal Revenue Service (IRS).

**What do I need to do?**
You may destroy the document and no further action is required as it pertains to tax filings for Form 1099C.

If you have any additional questions, please call our Customer Service Department at 888-480-2432. Our hours of operation are 8am to 8pm (CT), Monday through Thursday, 8am to 6pm (CT), Friday, and 8am to 2pm (CT) on Saturday.

Sincerely,

Nationstar Mortgage LLC
Research and Response Department

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.*
New York City Department of Consumer Affairs License Number: 1392003.
Nationstar Mortgage LLC is licensed by the North Carolina Department of Insurance. Permit Number 105369
TX - If your property is in the state of  TX, COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX78705.  A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.
A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hot line listed above, or by email at smlinfo@sml.texas.gov



EXHIBIT "D"

07/28/2016    14:01                                          (FAX)                          P.001/003

# Michael Drobenare, Esq.
## Attorney At law
<>
2203 Avenue X, Brooklyn, NY 11235
Telephone: (718) 616-2110
Facsimile: (718) 616-2111

### FACSIMILE TRANSMITTAL SHEET

| COMPANY: | FROM: |
|---|---|
| Vetipro Solutions | Vera Cruz |
| ATTENTION: | DATE: |
|  | 7/28/2016 |
| FAX NUMBER: | TOTAL NO. OF PAGES, INCLUDING COVER: |
| (877) 492-6160 |  |
| PHONE NUMBER: | BORROWER: |
| (888) 967-9700 | Eliyo Chkechkov |
| LOAN NUMBER | PROPERTY ADDRESS: |
|  | 1044 east 12th street, Brooklyn, NY  11230 |

☐URGENT☐FOR REVIEW☐PLEASE RESPOND     ☐PLEASE NOTATE THE ACCOUNT

NOTES/COMMENTS:

To Whom It May Concern,

Please review the attached request.

                                        Sincerely,
                                        Vera Cruz
                                        The Law Office of Michael Drobenare, Esq.

*If you should have any questions please do not hesitate to contact us at the above number.
CONFIDENTIALITY STATEMENT

The information is intended only for the use of the individual or entity named on the above. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing
or taking any action in reliance on the contents of this faxed information is strictly prohibited, and that the document(s) should be returned to this firm immediately. In this regard, if you
have received this fax in error, please telephone us immediately so that we can arrange for the return of the document(s) to us. Thank you.

07/28/2016   14:02                                    (FAX)                P.002/003



Clarification of offer

Eliyo Chkechkov                                         July 25th 2016
1044 East 12th Street
Brooklyn, NY 11230

Nationstar
Loan No.

Dear Creditor,

     Please be advised that due to the depth of my financial situation I could not afford to pay this loan off.  To the best of my abilities, I was able to get a contribution towards this debt from my congregation in the amount of $36,000.00 and their contingency is that there is a letter of approval before they release the funds.  Aside from their generous funding, my son and his wife are lending me $20,000, out of which I will need to cover a few past due house and medical bills but I will have $16,000 remaining to provide in addition to the congregations contribution.

     The total sum offered to PNC to settle in full on this debt is $52,000! Please let me know as soon as there is a decision on this offer. Thank you.

Regards,

Eliyo Chkechkov

07/28/2016   14:02                                    (FAX)                    P.003/003

# CONGREGATION BETH SHALOM OF KINGS BAY

2710 Avenue X, Brooklyn, NY 11235
Telephone (718) 891-4500 Facsimile (718) 891-4502
E-mail: CBS2710@hotmail.com

*David Tauzowicz, President*
*Alex Rosenblum, Co-President*
*Gary Abrams, 1st Vice President*
*Karen Sorogon, 2nd Vice President*
*Michael Singer, Treasurer*

*Robbin Sicherman, Secretary & Chairperson of the Board*
*Elaine Weinman, Chairperson Emeritus of the Board*
*Oscar J. Peskoff, Honorary Chairman of the Board*
*Saul Katz (deceased), Honorary Chairman of the*
*Board of Trustees*

July 22nd 2016

Regarding:  Eliyo Chkechkov – Veripro Account Number

To Whom It May Concern,

    Please be advised that this Congregation has been able to collect from its members on behalf of Eliyo Chkechkov who has had unexpected financial difficulties arising from his wife's terminal illness which later led to long term unemployment for Mr. Chkechkov who is still attempting to overcome.  We initially collected the sum of $10,000 from our members on behalf of this family and it has been brought to our attention that the lender has denied to accept this offer from us, stating that it is too low to accept. After a meeting with our congregation leaders we have made a decision to fund an additional $26,000 so we can raise the offer from $10,000 to $36,000.  The decision to go through with this went through our chairmen and will be coming directly from the congregations chartable funding. In order to move forward with releasing the full amount of $36,000 we are inclined to place a date on the acceptance to be no later than August 2nd 2016.  After August 2nd 2016 the additional $26,000 will no longer be offered for release.

    Please accept this letter as confirmation that this Congregation has the funds available and is prepared to provide them as long as there is a written approval confirming acceptance of this agreement. We hope that this debt will be resolved in a timely manner for Mr. Chkechkov.  We thank you in advance for your consideration for Eliyo Chkechkov's tragic situation and hope that we can work together to make it better.

Kind regards,

DAVID. M. T

David Tauzowicz
President

08/30/2016    18:17                                    (FAX)                    P.001/002

# Michael Drobenare, Esq.
## Attorney At law
<>
2203 Avenue X, Brooklyn, NY 11235
Telephone: (718) 616-2110
Facsimile: (718) 616-2111

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **COMPANY:** Veripro Solutions | **FROM:** Vera Cruz |
| **ATTENTION:** David | **DATE:** 8/30/2016 |
| **FAX NUMBER:** (877) 492-6160 | **TOTAL NO. OF PAGES, INCLUDING COVER:** |
| **PHONE NUMBER:** (888) 967-9700 | **BORROWER:** Eliyo Chkechkov |
| **LOAN NUMBER** | **PROPERTY ADDRESS:** 1044 east 12th street, Brooklyn, NY  11230 |

☐URGENT ☐FOR REVIEW ☐PLEASE RESPOND      ☐PLEASE NOTATE THE ACCOUNT

NOTES/COMMENTS:

To Whom It May Concern,

Please review the attached request.

Sincerely,
Vera Cruz
The Law Office of Michael Drobenare, Esq.

---

*If you should have any questions please do not hesitate to contact us at the above number.

CONFIDENTIALITY STATEMENT

The information is intended only for the use of the individual or entity named on the above. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this faxed information is strictly prohibited, and that the document(s) should be returned to this firm immediately. In this regard, if you have received this fax in error, please telephone us immediately so that we can arrange for the return of the document(s) to us. Thank you.

08/30/2016   18:17                                   (FAX)                    P.002/002  

# Michael A. Drobenare, Esq.
**Attorney At Law**

2203 Avenue X
Brooklyn, New York 11235
Phone: (718) 616-2110
Fax:    (718) 616-2111

AUGUST 30TH 2016

Veripro Solutions
Phone: 888-967-9700
Att: David Ext. 3342
RE:   Loan No

**Borrower:** Eliyo Chkechkov
**Property:**  1044 East 12th Street, Brooklyn, NY  11230

To Whom It May Concern,

    This office represents the borrower in regards to the subject property. We have been negotiating back and forth to settle on the above loan for several months now. It has come to a point where the borrower was capable of acquiring up to $52,000 to settle in full on this loan, unfortunately the contribution from the Congregation Beth Shalom of Kings Bay is no longer willing to extend their offer to the borrower as the time frame they gave him had long passed therefore they moved on to the next applicable party.

    Mr. Chkechkov is still very much dedicated in rectifying his defaulted debt for the account held by Veripro solutions. At this time his available funding is limited to $16,000 which he would like to use as a down payment. He will be arranging funding of $40,000 in full which will be disbursed to him over an additional 4 months in $10,000 installments. The additional funding is contingent upon approval; he will only obtain the $40,000 with written approval from the lender accepting Mr. Chkechkov's offer.

    At this time, the amount offered to settle in full on this account will be $56,000. The borrower will be able to make a down payment of $16,000 by October 1st 2016 and an additional $10,000 a month thereafter for 4 months, completing his last installment by February 1st 2017. We hope this is an acceptable amount to cure this debt with the contingencies that apply with the offer. This communication is an official statement on behalf of the borrower on this account. Please contact our office to discuss any updates, questions or concerns, do not hesitate to contact our office to discuss further.

Regards,

MICHAEL A. DROBENARE, ESQ
MAD: vc