UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
ELIYO CHKECHKOV, individually and
on behalf of all others similarly situated,

    Plaintiff – Counter-Defendant,

  -against-                        **MEMORANDUM AND ORDER**
                                            Case No. 17-CV-6195 (FB) (RLM)
FCI LENDER SERVICES, INC.,

    Defendant – Counter-Claimant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                       *For the Defendant:*
DAVID PALACE                    ALAN H. WEINREB
383 Kingston Avenue #113       The Margolin and Weinreb Law Group, LLP
Brooklyn, New York 11213       165 Eileen Way, Suite 101
                                                Syosset, New York 11791

**BLOCK, Senior District Judge:**

       The parties to this action under the Fair Debt Collection Practices Act ("FDCPA") were referred to mediation. In response to a request for a status update from the Court's ADR Administrator, counsel for defendant, FCI Lender Services, Inc. ("FCI"), wrote on April 30, 2018 that the "[m]atter has been settled and is being reduced to writing." Letter from David Palace (May 1, 2018), Ex A.

       The agreement was not reduced to writing, however, and FCI later informed the plaintiff, Eliyo Chkechkov, that it would not do so. Chkechkov now moves to enforce the parties' oral agreement. FCI opposes the motion on the grounds that the oral agreement was (1) not binding and (2) procured by fraud.

1

(1) Whether an oral agreement is binding is a question of the parties' intent:

> Parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement. However, if the parties intend not to be bound until the agreement is set forth in writing and signed, they will not be bound until then.

*Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 322 (2d Cir. 1997) (citing *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)). The Second Circuit "has articulated four factors to guide the inquiry regarding whether parties intended to be bound by a settlement agreement in the absence of a document executed by both sides." *Id.* at 323. A court "must consider (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Id.* "No single factor is decisive, but each provides significant guidance." *Id.*

It is true that settlement agreements are typically reduced to writing (or placed on the record on open court). But the remaining factors weigh against FCI. FCI reported that the case had been settled, not that it had been settled in principle subject to execution of a written agreement. FCI at least partly performed by drafting releases and issuing (but not recording) a satisfaction of mortgage.

With respect to terms, FCI acknowledged to the mediator that the parties "had agreed to a sum certain to settle the matter against the Defendant, this firm and the owner of the loan," Def.'s Mem. of L. 3; oral argument revealed the sum to be $52,000. Settlement of litigation typically contemplates nothing more than payment in exchange for a release. The oral agreement here was slightly more complicated because it covered both this case and threatened litigation against FCI's law firm and the owner of the loan, and because it necessitated a satisfaction of mortgage. Agreement on those terms is evidenced by FCI's own statements and partial performance. FCI posits that a class action settlement would have entailed additional terms that were never agreed upon, but a class was not certified

In sum, the Court concludes that the parties' intended their oral agreement to be binding, with a writing intended only to memorialize that agreement.

(2) With respect to fraud, "a settlement contract or agreement, like any other, may be attacked on grounds that it was procured by fraud." *Rothenberg v. Kamen*, 735 F.2d 753, 754 (2d Cir. 1984) (internal quotation marks and citation omitted). Fraud in the inducement requires proof of "(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation [and] (iv) resulting damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011) (citing *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 488 (2007)).

3

Chkechkov's FDCPA claim was based on an IRS Form 1099-C reflecting that the debt FCI was attempting to collect had been canceled by the original lender. FCI alleges that Chkechkov misleadingly failed to disclose that the lender purported to retract the 1099-C approximately one year after sending it. Chkechkov denies knowledge of the retraction.[1]

Chkechkov's knowledge presents a question of fact, but the Court need not reach it because reliance on the allegations of an adversary in litigation is unreasonable as a matter of law. *See Cascardo v. Stacchini*, 954 N.Y.S.2d 177, 179 (2d Dep't 2012) ("[T]he plaintiff cannot properly plead reasonable reliance on the representations of another party's counsel so as to support her claim of fraud."); *Mann v. Rusk*, 788 N.Y.S.2d 686, 687 (3d Dep't 2005) (granting motion to dismiss because "plaintiff could not reasonably rely on the legal opinions or conclusions of another party's attorney").

Put another way, a party—at least a sophisticated one like FCI—cannot demonstrate reasonable reliance if it does not conduct its own due diligence. *See MAFG Art Fund, LLC v. Gagosian*, 998 N.Y.S.2d 342, 343 (1st Dep't 2014). The information here was not uniquely in Chkechkov's possession. FCI eventually learned of the retraction from the original lender and could easily have done so

---

[1]He further argues that the retraction was a legal nullity, but that goes to the merits of his claim. The relevant question here is whether FCI would have agreed to settle the case had it known of the retraction.

sooner had it wished to investigate the strength of Chkechkov's claim before agreeing to settle it.

The motion to enforce is granted.  FCI is ordered to deliver $52,000 and a recorded satisfaction of mortgage to Chkechkov in exchange for a signed release covering this case and potential claims against FCI's law firm and the owner of the loan.  The failure of either party to comply with this order within thirty days will result in sanctions.

    **SO ORDERED.**

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
March 25, 2019