# LAW OFFICES OF DAVID PALACE
**383 KINGSTON AVE. #113**
**BROOKLYN, NY 11213**
**TEL: (347) 651-1077**
**FAX: (347) 464-0012**
**EMAIL: DAVIDPALACE@GMAIL.COM**

May 6, 2019

VIA ELECTRONIC FILING

Hon. Frederic Block
United States District Court
Eastern District of New York

    Re:   *Chkechkov v. FCI Lender Services Inc*
           Docket No.   1:17-cv-06195-FB-RLM

Dear Judge Block,

    I represent the plaintiff in the above matter. On March 25th, 2019 this court ordered defendant to deliver $52,000 and a recorded satisfaction of mortgage to Plaintiff in exchange for a signed release covering this case and potential claims against FCI's law firm and the owner of the loan. This court also stated that "The failure of either party to comply with this order within thirty days will result in sanctions." On April 11th, 2019 Plaintiff complied with the order by providing defendant the signed releases.

    On April 22nd Defendant in their continuous effort to delay filed a motion to stay pending appeal. Defendant attached a Rule 7 "Appeal Bond" to its motion to stay. Defendants Rule 7 Appeal Bond (also known as a cost bond) specifically states that "Defendant will pay to the plaintiff…$65,000.00 for such damages and/or costs as the court may direct". In <u>Adsani v. Miller</u>, 139 F.3d 67, 70 n.2 (2d Cir. 1998) The Second Circuit specifically stated:

> "The Federal Rules of Appellate Procedure use the term "supersedeas bond" as something distinct from a "cost bond." [also known as an "appeal bond] Compare Rule 7 (regarding bonds "to ensure payment of costs") with Rule 8 (regarding inter alia "supersedeas bonds"). See also, Fed. R. App. P. 8, Advisory Committee Notes, 1967 Adoption (noting that "there appears to be no reason why matters relating to supersedeas and cost bonds should not be initially presented to the district court. . . ." (emphasis added)). However, Black's Law Dictionary cites both Rule 7 and Rule 8 in its definition of "supersedeas bond": "A bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." Black's Law Dictionary 1438 (6th ed. 1990); see also Fed. R. Civ. P 62(d). It cites only Rule 7 in its definition of "cost bond," also known as an "appeal bond." Id. at 346. In addition, 'supersedeas" refers to the name of the writ containing a command to stay proceedings at law, suspending the power of the trial court to execute on the judgment appealed from. See Id. at 1437-38 (6th ed. 1990); see also Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n, 205 U.S. App. D.C. 47, 636 F.2d 755, 758 (D.C. Cir. 1980) (discussing the nature of supersedeas bond under Rule 8 and former Rule 73(d)). Wright & Miller instruct that cost bonds and supersedeas bonds "should not be confused . . . ." Wright, Miller & Cooper, 16A Federal Practice and Procedure: Jurisdiction 2d § 3953 at 278 (1996). It appears that a "supersedeas bond" is retrospective covering sums related to the merits of the underlying judgment (and stay of its execution), whereas a "cost bond" is prospective relating to the potential expenses of litigating an appeal. See The Astoria v. Slayne, 1 F.R.D. 742, 743 (E.D.N.Y. 1941)("The bond filed was merely a cost bond and not a supersedeas bond and was intended to cover costs in the appellate court only." (citations omitted))."

1

The Second Circuit made it clear that a "supersedeas bond" is retrospective covering sums related to the merits of the underlying judgment and stay of its execution, while a "cost bond" or an "appeal bond" is prospective relating to the potential "damages and/or costs" of litigating an appeal. The bond filed in this case was merely a cost bond and not a supersedeas bond and would only cover damages and/or costs in the appellate court only. Defendants Bond did not include any reference to the underlying judgment neither did the Bond include the amount of the "Satisfaction of Mortgage".

Defendant understands that the satisfaction of mortgage is of little value until it is filed. In fact, it is for this exact reason this court ordered that Defendant deliver a recorded satisfaction of mortgage to the plaintiff. Plaintiff is not adequately protected unless Defendant would put the whole amount of the satisfied mortgage in a "Supersedes Bond." Until the Defendant records the satisfaction of Mortgage Defendant can transfer, sell, return or give the mortgage to another party, opening plaintiff up to untold risk and litigation in needing to prove that the Mortgage has in fact been satisfied.

Rule 62 does not specify requirements necessary for the Court's approval of a supersedeas bond, but "[t]he philosophy underlying [Rule] 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville, 245 F.R.D. 65, 69 (D. Conn. 2007). The Court may approve a party's supersedeas bond so long as it adequately protects the judgment creditor's interests; however, the judgment creditor may also attack the bond's terms as inadequate. See Phansalkar v. Andersen Weinroth & Co., 211 F.R.D. 197, 200 (S.D.N.Y. 2002); 12 Moore's Federal Practice § 62.01[1]. Because Defendant has failed to provide an adequate bond under Rule 62(d), they are not entitled to a stay under that provision. Since Defendant is not entitled to a stay pending appeal, they should be ordered to immediately deliver $52,000 and a recorded satisfaction of mortgage to plaintiff pursuant to this court's March 25th order and judgment       .

Considering Defendants litigation history in this case which repeatedly consisted of deception, misrepresentation, delay and fraudulent revocation it would seem that Defendant has yet again intentionally filed this Rule 7. "Appeal Bond" as another ploy to eventually get out of its obligations. Defendant knows that unlike a supersedeas bond, which is retrospective in its focus, Defendants Rule 7 Bond is prospective.

Defendant is not entitled to a stay in this case because Defendant has failed to provide an adequate bond under Rule 62(d). As any appeal by Defendants would be "patently frivolous" this court should accept Defendants Rule 7. (Appeal Cost) Bond and order that Defendant add additional amounts to cover the costs and attorney's fees that Plaintiff will need to expend to defend against this frivolous appeal.

The FDCPA is a fee shifting stature and defendant is liable for all additional fees expended by plaintiff's attorney in collecting the judgment awarded in this FDCPA case. See[1] Nunez v. Interstate Corporate Sys., Inc., 799 P.2d 30, 31–32 (Ariz. Ct. App. 1990) (stating that under FDCPA the award of reasonable attorney fees "in any action to enforce liability" is required: "In our view, this provides statutory authority not only to award fees in the initial action but also in any action, such as this one, to enforce the judgment obtained in that initial action. Were we to hold otherwise, we would defeat the congressional

---

[1] Queen v. Nationwide Credit, Inc., 2010 WL 4006676, at *3 n.1 (N.D. Ill. Oct. 7, 2010) (fees expended to collect FDCPA judgment are also recoverable); Dichiara v. Pelsinger, 2010 WL 3613798, at *6 (D. Conn. Aug. 30, 2010) (ordering that plaintiff recover in full the reasonable attorney fees and costs incurred since the entry of judgment in attempting to enforce the FDCPA judgment awarded) Bianchi v. Bronson & Migliaccio, L.L.P., 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (recognizing that fees may be awarded for postjudgment efforts in enforcing FDCPA awards); Smith v. Law Offices of Mitchell N. Kay, 762 F. Supp. 82, 85 (D. Del. 1991) (FDCPA case; reasonable attorney fees arising from postjudgment work to protect a judgment or enforce a court decree are compensable under fee-shifting statutes)

purpose of encouraging the bringing of suit by small claimants as a means of ending abusive debt collection practices by creating the impediment of substantial costs and fees to enforcing any judgment where the abusive debt collector has also engaged in a transfer in fraud of creditors.") Jones v. Regent Asset Mgmt. Solutions, Inc., 2011 WL 2037626, at *5 (D. Conn. May 24, 2011) (debt collector liable for additional fees expended by plaintiff's attorney in collecting the judgment awarded in FDCPA matter)

Plaintiff when successful against defendant's frivolous appeal of the enforcement of this FDCPA judgment will also be entitled to an award of attorney fees and costs. Plaintiff and his attorney will be compensated for his appellate work. See[2] Dowling v. Litton Loan Servicing, L.P., 320 Fed. Appx. 442 (6th Cir. 2009). (The district court did not abuse its discretion in refusing to adjust the lodestar downward on the basis of the plaintiff's refusal to accept pretrial settlement offers where the settlement offers never exceeded plaintiff's ultimate recovery plus the attorney fees that had accrued at the time when each of the offers was made. No downward adjustment in the lodestar was warranted for the plaintiff's unsuccessful claims since where, as here, "the claims are related, the fact that some claims ultimately fail while others succeed is not reason to reduce the fee award." The plaintiff was entitled to reasonable attorney fees incurred for successfully defending the appeal.) Annunciation v. W. Capital Fin. Serv. Corp., 97 F.3d 1458 (9th Cir. 1996) (table) (additional attorney fees were to be awarded to the consumer for the appeal) Serna v. Law Office of Joseph Onwuteaka, P.C., 2014 WL 3749652 (S.D. Tex. July 29, 2014). (Attorney fees may be awarded to a prevailing plaintiff for both district-level and appellate attorney fees in an FDCPA cases. In this FDCPA case the debt collector's proportionality argument that an award of attorney fees of almost $80,000 would be excessive, was found to be unpersuasive.)

Defendants frivolous arguments were completely rejected by this court. One look at the March 25th order of this court demonstrates that Defendants arguments were totally lacking in merit, they were made with no supporting law, entirely conclusory and completely unsupported by any facts or evidence. Defendant knows that after this court's decision and order, proceeding with this "patently frivolous" appeal would be in violation of Federal Rule of Appellate Procedure 38.

Defendants are now aware that their previous arguments do not even have the slightest chance of success in addition to the fact that they previously supported their arguments with unsubstantiated ad hominem attacks against plaintiff and his attorneys rather than legal authority and the facts. If Defendant proceeds with this frivolous appeal, it is likely that Defendant will be sanctioned for bringing a frivolous appeal. In Watkins v. Smith, 561 F. App'x 46, 47-48 (2d Cir. 2014) The Second Circuit stated:

---

[2] Johnson v. Eaton, 958 F. Supp. 261 (M.D. La. 1997). (Attorney fees awarded to a successful consumer for fees incurred during FDCPA suit and defendant's appeal. The court stated that the intent of FDCPA was for plaintiffs to recover reasonable attorney fees regardless of size of judgment as a way to encourage FDCPA claims.) Anchondo v. Anderson, Crenshaw & Assoc., L.L.C., 616 F.3d 1098, 1107 (10th Cir. 2010) (FDCPA case; awarding fees incurred defending on appeal an earlier award for fees) DeJesus v. Banco Popular, 918 F.2d 232, 236 (1st Cir. 1990) (reversing the district court's denial of plaintiff's motion seeking reconsideration of its request for attorney fees, remanding for determination of a reasonable fee and directing the district court to "include in its fee award a reasonable attorney's fee for services rendered in connection with this appeal"); Martinez v. Idaho First Nat'l Bank, 755 F.2d 1376 (9th Cir. 1985); Varner v. Century Fin. Co., 738 F.2d 1143 (11th Cir. 1984); In re Pine, 705 F.2d 936 (7th Cir. 1983); McGowan v. King, Inc., 661 F.2d 48 (5th Cir. 1981) (awarding attorney fees for services rendered on appeal where only issue was amount of fees awarded in underlying Truth in Lending Act case); Northcross v. Bd. of Educ. of Memphis City Schools, 611 F.2d 624, 632 (6th Cir. 1979) (section 1988 case; plaintiffs should recover attorney fees "for the spent litigating the fees issue itself"); Weisenberger v. Huecker, 593 F.2d 49, 54 (6th Cir. 1979) (concluding that implementation of congressional policy as to § 1988 required awarding fees spent pursuing attorney fees in cases under review and stating that fees should also include amounts spent "defending and prosecuting the instant appeals"); Prandini v. Nat'l Tea Co., 585 F.2d 47, 54 (3d Cir. 1978) (holding that attorneys were entitled to be compensated for time spent successfully appealing first fee award in underlying Title VII case to the extent that time was necessary to obtain a reasonable fee award); Preston v. Thompson, 565 F. Supp. 310 (N.D. Ill. 1983); Citibank Fed. Sav. Bank v. Sandel, 766 So. 2d 302 (Fla. Dist. Ct. App. 2000) (attorney fees may be awarded for services rendered in appeal where only issue was the amount of fees awarded in underlying TILA case).

> "On appeal, Plaintiff-Appellant and Appellants have urged us to rule on seventeen questions, not one of which is supported by argumentation that has even "the slightest chance of success.". Indeed, their briefs are "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *Id.* at 381. They are nearly barren of citations and devoid of any relevant authority. In at least one case, the very same authority that is cited disproves the argument ... In addition, the plaintiff and his counsel have continued their troubling practice of supporting their arguments with unsubstantiated ad hominem attacks against other members of the bar and the judiciary rather than legal authority or facts. Accordingly, we find the appeal so frivolous as to warrant the imposition of sanctions under Rule 38 and therefore grant the Arcé Defendants-Appellees' motion. We impose sanctions on Taneja and Watkins jointly and severally in the amount of the Arcé Defendants-Appellees' costs and attorneys' fees."

A Rule 7 Bond "relates to the potential expenses of litigating an appeal." Id. Rule 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The term "costs" in Rule 7 refers to "all costs properly awardable under the relevant substantive statue or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of [the] Rule." Adsani, 139 F.3d at 72 (applying the Marek v. Chesny, 473 U.S. 1, 9, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985), discussion of Fed. R. Civ. P 68 to Rule 7). As the Court of Appeals explained in Adsani, the "purpose of Rule 7 appears to be to protect the rights of appellees brought into appeals courts." Id. at 75. It added that it did "not think it either bizarre or anomalous for the amount of the bond to track the amount the appellee stands to have reimbursed." Id. In setting the amount of a Rule 7 Bond, a district court may "prejudge[]" the case's chances on appeal. Id. at 79. "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." Id. Int'l Floor Crafts, Inc. v. Dziemit, 420 F. App'x 6, 12 (1st Cir. 2011) ("we affirm the issuance of the appeal bond and hold that an appeal bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them.")

Rule 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." A Rule 7 bond is prospective in its focus and "relates to the potential expenses of litigating an appeal." The term "costs" in Rule 7 refers to "all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of [the] Rule." Id. at 72 (citation omitted). In addition to the fact that the FDCPA is a fee shifting statue which includes attorney's fees as "costs" the Adsani court explicitly rejected a definition of costs that would limit it to those costs enumerated in Rule 39, Fed. R. App. P. Id. at 74-75.

As explained in In re Gen. Elec. Co. Secs. Litig., 998 F. Supp. 2d 145 (S.D.N.Y. 2014), Rule 38 of the Federal Rules of Appellate Procedure allows the Court of Appeals to award damages to appellees who are confronted with frivolous appeals. Id. at 151. An appeal is frivolous for the purpose of Rule 38 when it is "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." Id. at 153 (citation omitted).

Accordingly, "when [a party] lodges a frivolous appeal to [a] settlement, a district court may impose a Rule 7 Bond in the amount of the additional administrative expenses that are reasonably anticipated from the pendency of the appeal." Id. A Rule 7 bond may also include attorneys' fees where the district court concludes that the court of appeals might award attorneys' fees as costs under Fed. R. App. P. 38 because the appeal is frivolous. Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987); see also In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 118-19 (2d Cir. 2000) ("Rule 38 sanctions may include the granting of reasonable attorneys' fees to the party forced to defend the frivolous appeal.")

4

Defendants appeal is frivolous and is being made in bad faith and for purposes of delay. Defendant informed this court on multiple occasions that this case was settled, this court then considered and rejected all defendants' frivolous arguments. Defendant knows that they have no colorable arguments in pursuing this appeal. Defendant is willfully pursuing a frivolous appeal. Plaintiff requests that this court order Defendant to post a Rule 7 bond that would include costs of litigating this appeal and potential future administrative expenses and potential sanctions.

Should Defendant actually proceed with this frivolous appeal Plaintiff requests that this court order a Rule 7. Bond no less than $100,000 See. In re Credit Default Swaps Antitrust Litig., No. 13-md-2476, 2016 U.S. Dist. LEXIS 54587, 2016 WL 2731524, at *19 (S.D.N.Y. Apr. 26, 2016) (When an party lodges a frivolous appeal, a district court may impose a Rule 7 Bond in the amount of the additional administrative expenses that are reasonably anticipated from the pendency of the appeal); In re GE Co. Secs. Litig., 998 F. Supp. 2d 145, 151 (S.D.N.Y. 2014) (noting that "the Court of Appeals may impose an award of damages on an appellant pursuing a frivolous appeal, and a district court may consider that likelihood is assessing the scope and amount of a Rule 7 Bond.")

Defendant knows that on appeal they have no chance at reversing the enforcement of the settlement they reached in this case. Yet despite this knowledge they are frivolously and intentionally engaging in more delay tactics by filling an appeal that they know is "patently frivolous." In view of the undisputed facts in this case, the lack of any intelligible legal theory under which Defendants can seek to revoke the settlement or reverse this courts order, and the meritless statements in Defendants previous briefs there is no doubt that Defendants know that any appeal in this case would be "patently frivolous." Under these circumstances, the court under Rule 38 of the Federal Rules of Appellate Procedure will likely award sanctions. See Collins v. Educ. Therapy Ctr., 184 F.3d 617, 618 (7th Cir. 1999) ("This is a frivolous appeal. Appellant Charles Collins challenges the district court's order compelling him and his attorney, Laura Robinson, to sign documents reflecting the agreed upon terms of his settlement with the appellee and sequestering in the court registry the portion of the settlement due Robinson for her fees pending the resolution of a state-court dispute concerning her former co-counsel's claim to a share of those fees. We affirm with sanctions.") S & T Mfg. Co. v. Cty. of Hillsborough, 815 F.2d 676, 679 (Fed. Cir. 1987) ("S&T has failed to show any basis for rejecting the district court's findings. We agree with the district court's conclusion that "[S&T's] contentions are pregnant with the admission that a settlement agreement was reached." Furthermore, S&T sets forth no analysis under any legal theory which renders this agreement voidable. The district court's order is affirmed. Our attention now turns to Hillsborough's request on this appeal for damages. In view of the undisputed facts in this case, the lack of any coherent legal theory under which S&T sought to reverse the district court, and the meritless assertion[s], we find this appeal frivolous. S&T's response to Hillsborough's request for fees merely reasserts its merits arguments. Under such circumstances, this court is free to impose damages under Rule 38 of the Federal Rules of Appellate Procedure.")

In Pitts v. Nakamura, No. 93-16041, 1994 U.S. App. LEXIS 34556, at *8-9 (9th Cir. Nov. 21, 1994) the Appellant challenged a decision from the District court, which granted appellee's motion to enforce a settlement agreement. On appeal the ninth circuit stated

> "Pitts asks us to impose Rule 38 sanctions on the City for bringing a frivolous appeal. *See* Fed. R. App. P. 38. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Smith v. Ricks*, 31 F.3d 1478, 1489 (9th Cir. 1994). The City appealed the magistrate judge's order knowing that even if the settlement agreement's language is ambiguous, it still must demonstrate that the magistrate judge's interpretation of the agreement was clearly erroneous. Nevertheless, the City has failed to point to *any* evidence in the record which undermines the magistrate judge's findings of fact. Indeed, the City expends the majority of its energy on issues this Circuit has already declined to review. Moreover, these issues are unrelated to the order appealed. The City offers no authority for proceeding in such a manner. Because we conclude the City's appeal

5

was wholly without merit, we choose to exercise our discretion and grant Pitts double costs and attorney's fees for this appeal pursuant to Fed. R. App. P. 38. We remand to the magistrate judge for a calculation of these damages."

Defendant has not posted an adequate supersedeas bond. Because of this failure to provide a sufficient bond under Rule 62(d), Defendant is not entitled to a stay under the Rule. Since Defendant knows that they don't even have the slightest chance of success they have still decided to file this frivolous appeal. This court specifically stated in <u>Chkechkov v. FCI Lender Servs.</u>, No. 17-CV-6195 (FB) (RLM), 2019 U.S. Dist. LEXIS 49533, at *5 (E.D.N.Y. Mar. 25, 2019) that "The motion to enforce is granted. FCI is ordered to deliver $52,000 and a recorded satisfaction of mortgage to Chkechkov in exchange for a signed release covering this case and potential claims against FCI's law firm and the owner of the loan. **<u>The failure of either party to comply with this order within thirty days will result in sanctions</u>**."

Plaintiff has complied with this order, however defendant has instead opted to file a motion to stay pending a "patently frivolous" appeal. Plaintiff requests that this court deny Defendants motion to stay, and order that Defendants to immediately comply with this courts order and deliver $52,000 and a recorded satisfaction of mortgage to plaintiff. Plaintiff requests that this court require Defendant to post a complete Rule 7 bond in the amount no less than $100,000.

        Respectfully Submitted,

        LAW OFFICES OF DAVID PALACE
        By:__s/David Palace_____
        David Palace

cc: Glenn Warmuth, Esq.  (via ECF)